UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------X
AARON COLEMAN,

                     Plaintiff,

        -against-                                **REPORT AND RECOMMENDATION**
                                                            23 CV 3096 (LDH) (CLP)

SELENE FINANCE, LP,

                     Defendant.
-------------------------------------------------------X

**POLLAK**, United States Magistrate Judge:

       On March 3, 2023, Aaron Coleman ("plaintiff") commenced this action against Selene Finance, LP ("defendant" or "Selene"), in New York Supreme Court, Kings County, pursuant to Real Property Actions and Proceedings Law ("RPAPL") § 1501.4, seeking to discharge the publicly recorded mortgage encumbering plaintiff's real property, located at 202 Quincy Street, Brooklyn, N.Y. 11216 (the "Property"). (Compl.[1]). In the Complaint, plaintiff seeks a declaratory judgment that the plaintiff is the lawful owner of the Property, with an absolute and unencumbered title in fee, free and clear of the bond, mortgage or any assignment thereof, and that the defendant, and every person claiming under it, be barred forever from all claims to an estate or interest in the Property. (Id. at p. 6–7). The Complaint further seeks an Order directing the Clerk or Register of Land Records of Kings County to cancel and discharge of record the mortgage on the Property and any assignments thereof, and that plaintiff recover his costs, disbursements and allowances against the defendant. (Id. at p. 7).

       On April 24, 2023, defendant filed a Notice of Removal to this Court, pursuant to 28 U.S.C. § 1441(b), based on diversity jurisdiction under 28 U.S.C. § 1332 (the "Notice of

---

[1] Citations to "Compl." refer to the plaintiff's Complaint, filed in Kings County Supreme Court on March 3, 2023. (ECF No. 1-1).

1

Removal" or "Not. Removal") (ECF No. 1). That same day, defendant filed a Corporate Disclosure Statement pursuant to Rule 7.1 of the Federal Rules of Civil Procedure. (ECF No. 2). On June 23, 2023, after receiving an extension of time from the district court, plaintiff filed a motion, pursuant to 28 U.S.C. § 1447(c), seeking to remand the action to state court on the grounds that this Court lacks subject matter jurisdiction (the "Motion to Remand" or "Mot. Remand") (ECF No. 10). The Motion to Remand was subsequently referred to the undersigned to prepare a report and recommendation. (Electronic Order, dated June 29, 2023).

For the reasons set forth below, it is respectfully recommended that plaintiff's Motion to Remand be GRANTED.

## FACTUAL BACKGROUND

Plaintiff alleges that he is the owner in fee simple of the Property and has attached a copy of the recorded deed to the Property as Exhibit A to his Complaint. (Compl. ¶ 3, Ex. A). On June 2, 2009, plaintiff executed and delivered to Lend America, a mortgage covering the Property in the amount of $701,499. (Id. ¶ 5, Ex. B). Pursuant to the mortgage, plaintiff was required to make installment payments, with interest, as provided in a loan document between plaintiff and Lend America. (Id. ¶ 6). The mortgage was subsequently assigned to a number of different entities, with an assignment to Selene Finance LP as of March 11, 2015. (Id. ¶ 5(a), Ex. C).

The Complaint alleges that on November 6, 2015, the mortgagee at the time commenced a mortgage foreclosure action and accelerated the obligations under the note and mortgage, resulting in the entire outstanding balance becoming due. (Id. ¶¶ 8–10). That action was subsequently discontinued voluntarily (see n.2 infra), and plaintiff alleges that the statute of limitations to commence a foreclosure action under the mortgage continued to run unabated; even defendant recognizes that the statute of limitations has now expired. (Compl. ¶ 12; see also

2

Def.'s 2/22/2023 Ltr. (ECF No. 10-4) (stating "Selene Finance LP believes that the Legal Time Limit (Statute of Limitations) for suing you to collect this debt may have expired. It is a violation of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq., to sue to collect on a debt for which the statue [sic] of limitations has expired")).

As a consequence, plaintiff filed an action in Supreme Court, Kings County, captioned Aaron Coleman v. Selene Finance, LP, Index No. 506704/2023,[2] in which he sought a judgment directing that the mortgage and related assignments be canceled. (Id. ¶ 18). On April 24, 2023, Selene filed a Notice of Removal, alleging that jurisdiction was proper in this Court because the action was between citizens of different states and the amount in controversy exceeds $75,000, exclusive of interest and costs. (Not. Removal ¶ 5).

Plaintiff now moves to remand the case to state court, arguing that because the case has no monetary value alleged and because plaintiff will not receive any monies as a result of this declaratory judgment action, the Court lacks subject matter jurisdiction under the diversity statute. (Pl.'s Mem.[3] at 1). Defendant contends that the principal balance of the loan is the

---

[2] From the exhibits attached to the Complaint and Motion to Remand, it appears that this was not the first action filed relating to the Property. In an earlier action, filed in Kings County Supreme Court, captioned Selene Finance LP v. Aaron Coleman et al., Index No. 513621/2015, Selene filed a motion for summary judgment and an order of reference. In granting Selene's motion, the judge noted that although Judge Rivera had previously held a trial relating to the same loan and found that Selene had failed to establish standing, Selene had since gained standing by demonstrating through the affidavit of Selene's foreclosure manager that in fact, Selene was in possession of the original note prior to the commencement of the case. (Decision and Order of Justice Noach Dear, dated June 19, 2017, at 1–2 (ECF No. 10-5 at 10–11)). On appeal, the Appellate Division reversed, noting that while Selene had established standing, it had failed to meet its prima facie burden of demonstrating Coleman's default under the note. (Decision and Order of Second Department, dated October 21, 2020, at 2–3 (ECF No. 10-5 at 13–15)). Thereafter, in the course of preparing a second motion for summary judgment, Selene determined that the Affidavit submitted to the court indicating that Selene had standing was in error and that Selene was not in physical possession of the original Note prior to the date the action was commenced. (Aff. of Jessica Edwards, dated December 14, 2021 (ECF No. 10-5 at 1–4)). According to plaintiff, the misrepresentation in the Affidavit led to the voluntary discontinuance of the action. (Decl. of Steven Alexander Biolsi in Support of Plaintiff's Motion, dated June 22, 2023 (ECF No. 10-2) (citing Selene Fin., L.P. v. Coleman, 187 A.D.3d 1082 (2d Dep't 2020))). Had Selene attempted to file a new foreclosure action at that time, it appears that the action would be time barred as beyond the six-year statute of limitations to commence a foreclosure action under New York law. See N.Y. C.P.L.R. § 213.

[3] Citations to "Pl.'s Mem." refer to plaintiff's Memorandum of Law in Support of Motion to Remand, filed June 23, 2023. (ECF No. 10-1).

3

proper measure for determining the amount in controversy, and thus that the amount in controversy exceeds the $75,000 requirement because the current unpaid principal balance of the loan is $687,126.28.  (Def.'s Mem.[4] at 4–5).

DISCUSSION

I. <u>Legal Standard</u>

    A.    <u>Removal and Diversity Jurisdiction</u>

Federal law provides that a defendant may remove to federal court any "any civil action brought in a State court of which the district courts . . . have original jurisdiction." 28 U.S.C. § 1441(a). Within thirty days of effective service or receipt of initial pleadings, the defendant or defendants that wish to remove the action must file a notice of removal, including "a short and plain statement of the grounds for removal, together with a copy of all process, pleadings, and orders served upon such defendant or defendants in such action." <u>Id.</u> § 1446(a), (b).

Removal is proper when a case originally filed in state court presents a federal question or, as relevant here, where there is diversity of citizenship among the parties and the amount in controversy exceeds $75,000. <u>See</u> 28 U.S.C. §§ 1331, 1332(a). "Because the longstanding 'well-pleaded complaint' rule applies in the removal context, there must be a jurisdictional basis for removal on the face of the plaintiff's complaint." <u>Harraz v. EgyptAir Airlines Co.</u>, No. 18 CV 12364, 2019 WL 6700946, at *2 (S.D.N.Y. Dec. 9, 2019) (citing <u>Holmes Grp., Inc. v. Vornado Air Circulation Sys., Inc.</u>, 535 U.S. 826 (2002); <u>Great N. Ry. Co. v. Alexander</u>, 38 S. Ct. 237 (1918)). Thus, a defendant seeking to remove an action to federal court must show that "the plaintiff would have been entitled, in the first instance, to commence the case in federal court." <u>Sovereign Bank, NA. v. Lee</u>, 968 F. Supp. 2d 515, 517 (E.D.N.Y. 2013) (citing

---

[4] Citations to "Def.'s Mem." refer to defendant's Memorandum of Law in Opposition to Plaintiff's Motion to Remand, filed August 4, 2023.  (ECF No. 12).

4

Caterpillar Inc. v. Williams, 482 U.S. 386, 392 (1987)); see also Gurney's Inn Resort & Spa Ltd. v. Benjamin, 743 F. Supp. 2d 117, 119 (E.D.N.Y. 2010).

When, as here, removal is based on an assertion of diversity jurisdiction under 28 U.S.C. § 1332(a), the burden is on the removing party to show by a preponderance of the evidence that there is "complete diversity"—namely, that all plaintiffs are citizens of states diverse from those of all defendants. Pennsylvania Pub. Sch. Emps.' Ret. Sys. v. Morgan Stanley & Co., 772 F.3d 111, 118 (2d Cir. 2014) (citing Exxon Mobil Corp. v. Allapattah Servs., Inc., 545 U.S. 546, 553 (2005)); see also Makarova v. United States, 201 F.3d 110, 113 (2d Cir. 2000). Moreover, a defendant may not remove a case solely on the basis of diversity jurisdiction if it or any other properly joined defendant "is a citizen of the State in which such action is brought." 28 U.S.C. § 1441(b)(2).

For purposes of assessing diversity, a limited liability company or partnership is a citizen of each state of which its members or limited and general partners are citizens. E.g., Bayerische Landesbank v. Aladdin Capital Mgmt. LLC, 692 F.3d 42, 49 (2d Cir. 2012). When a member of a limited liability company or limited partnership is another limited liability company or partnership, courts must examine the members of each in turn, conducting a complete upstream analysis if needed. Id.; see also Mutual Assignment & Indem. Co. v. Lind-Waldock & Co., LLC, 364 F.3d 858, 861 (7th Cir. 2004) (stating that because the defendant "is a limited liability company . . . it is a citizen of every state of which any member is a citizen" and that "this may need to be traced through multiple levels if any of its members is itself a partnership or LLC").

Additionally, "the removing party has the burden of establishing that the amount in controversy exceeds the $75,000 jurisdictional threshold mandated by 28 U.S.C. § 1332(a)." Cohen v. Werner Co., No. 17 CV 4491, 2017 WL 3327587, at *3 (E.D.N.Y. Aug. 3, 2017).

Ordinarily, "the sum demanded in good faith in the initial pleading shall be deemed to be the amount in controversy." 28 U.S.C. § 1446(c)(2). When the initial pleading seeks nonmonetary relief, however, "the notice of removal may assert the amount in controversy," and removal on the basis of diversity jurisdiction may be proper "if the district court finds, by the preponderance of the evidence, that the amount in controversy [asserted in the notice] exceeds the" jurisdictional threshold. Id. § 1446(c)(2)(A), (B).

    B.    Remand

A plaintiff may contest removal by filing a motion to remand. 28 U.S.C. § 1447(c). Removal may be challenged on a number of grounds, including that the court lacks clear subject matter jurisdiction or that the notice of removal is procedurally deficient. See id.; New York v. International Joint Comm'n, No. 20 CV 06091, 2021 WL 4139024, at *2 (W.D.N.Y. Sept. 13, 2021). "In the face of a motion to remand, the burden falls on the defendant to demonstrate that removal is procedurally and jurisdictionally sound." Harraz v. EgyptAir Airlines Co., 2019 WL 6700946, at *2 (citing Burr ex rel. Burr v. Toyota Motor Credit Co., 478 F. Supp. 2d 432, 437 (S.D.N.Y. 2006)); see also Sbarro, Inc. v. Karykous, No. 05 CV 2311, 2005 WL 1541048, at *2 (E.D.N.Y. June 29, 2005) (stating that "the burden of persuasion remains upon the removing party").

Courts assessing jurisdiction on a motion to remand "look only to the jurisdictional facts alleged in the Notice of Removal, and, to the extent that they fall within the scope of that notice, any arguments made in response to a motion to remand." Harraz v. EgyptAir Airlines Co., 2019 WL 6700946, at *2 (internal quotation marks omitted); see also In re Methyl Tertiary Butyl Ether Prods. Liab. Litig., 488 F.3d 112, 124 (2d Cir. 2007) (holding that "[i]n determining whether jurisdiction is proper, we look only to the jurisdictional facts alleged in the Notice[] of Removal"). There is a general presumption against removal, and federal courts thus "construe

the removal statute narrowly" by "resolving any doubts against removability." Lora v. S.J. Costa & Son Trucking, Inc., No. 16 CV 3917, 2016 WL 4661043, at *1 (E.D.N.Y. Sept. 7, 2016) (quoting Purdue Pharma L.P. v. Kentucky, 704 F.3d 208, 213 (2d Cir. 2013)); see also Anwar v. Fairfield Greenwich Ltd., 676 F. Supp. 2d 285, 292 (S.D.N.Y. 2009) (holding that "[a]ny doubts regarding the propriety of removal are resolved in favor of remand"). Likewise, in considering a motion to remand, federal courts "must construe all disputed questions of fact and controlling substantive law in favor of the plaintiff." Marzocchi v. Selective Ins. Co. of New York, No. 14 CV 1026, 2014 WL 2446068, at *1 (E.D.N.Y. May 29, 2014) (quoting In re NASDAQ Market Makers Antitrust Litig., 929 F.Supp. 174, 178 (S.D.N.Y.1996)); see also id. (noting that "*any* doubts are to be resolved in favor of remand" (emphasis added)).

Although some courts have recognized a need to avoid rigidly enforcing the technical removal procedures, see Harraz v. EgyptAir Airlines Co., 2019 WL 6700946, at *2, 5–7 (collecting cases and declining to remand a case "on a technicality"), no such flexibility exists with respect to jurisdictional defects. Rather, remand for lack of subject matter jurisdiction is mandatory. See 28 U.S.C. § 1447(c) (providing that "[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case *shall* be remanded" (emphasis added)). The Second Circuit has construed Section 1447(c) as authorizing district courts, at any time, to remand a case sua sponte upon a finding that it lacks subject matter jurisdiction. See Mitskovski v. Buffalo & Fort Erie Pub. Bridge Auth., 435 F.3d 127, 131, 133–34 (2d Cir. 2006) (citing Bender v. Williamsport Area Sch. Dist., 475 U.S. 534, 541 (1986)). Thus, if a defendant has improperly removed a case over which the district court lacks subject matter jurisdiction—or if the removing defendant has not clearly established a basis for subject matter jurisdiction—the district court is *required* to remand the case back to the state court. See

7

Doe v. Zucker, No. 17 CV 1005, 2018 WL 3520422, at *4 (N.D.N.Y. July 20, 2018) (collecting cases); Harraz v. EgyptAir Airlines Co., 2019 WL 6700946, at *2.

II. Analysis

    A.    Diversity of Citizenship

The parties have raised a dispute as to whether defendant has adequately demonstrated that the amount in controversy exceeds $75,000. (See, e.g., Pl.'s Mem. at 1). Before addressing the parties' dispute with respect to the amount in controversy, however, the Court finds that defendant has failed to carry its burden of demonstrating that there is complete diversity between the parties. Specifically, while the Notice of Removal alleges that "[c]omplete diversity exists because Plaintiff and Defendant are not citizens of the same state" (Not. Removal ¶ 6), defendant has failed to provide the information necessary for the Court to determine the citizenship of the defendant, and thus whether there is complete diversity between the parties.

The Notice of Removal states that plaintiff is domiciled in and a citizen of New York and that defendant Selene Finance LP "is a limited partnership incorporated in the State of Delaware with its principal place of business in the State of Texas." (Id. ¶¶ 7–8). As a limited partnership, however, Selene's "citizenship . . . for diversity purposes is determined not by its state of incorporation and principal place of business . . . but by the citizenship of its partners." In re Gen. Motors LLC Ignition Switch Litig., No. 14 MD 2543, 2019 WL 2326023, at *2 (S.D.N.Y. May 30, 2019) (citing Handelsman v. Bedford Vill. Assocs. Ltd. P'ship, 213 F.3d 48, 52 (2d Cir. 2000)).

The Notice of Removal fails to provide the names of Selene's general and limited partners, let alone the citizenships thereof. As a result, the Court cannot determine Selene's citizenship or whether complete diversity exists between the parties; defendant therefore has not adequately alleged a proper basis for removal. See, e.g., Cats Co. v. TIG Ins. Co., No. 01 CV

8

5967, 2001 WL 747283, at *1 (S.D.N.Y. July 3, 2001) (concluding that "[a]s neither the complaint nor the notice of removal alleges the citizenship of each of the partners of the plaintiff, the removing defendant has not sustained its burden of demonstrating the existence of complete diversity of citizenship"); Donovan v. Barrero Aguero, No. 22 CV 4407, 2022 WL 3588008, at *2 (E.D.N.Y. Aug. 1, 2022) (holding that a notice of removal "is clearly deficient with respect to diversity of the parties" when the removing defendant fails to "specifically allege" the "identity and citizenship of each member or partner" of a limited partnership), report and recommendation adopted, 2022 WL 3586569 (E.D.N.Y. Aug. 22, 2022); Hale v. M.J.J.K., LLC, No. 12 CV 1515, 2013 WL 6287823, *2 (E.D. La. Dec. 4, 2013) (holding that "the party invoking federal jurisdiction must list the citizenship of each member of each limited liability company to properly allege diversity of jurisdiction" (internal quotation marks omitted)).

The Notice's facial deficiency with respect to defendant's citizenship is grounds to remand this case, as courts ordinarily "look only to the jurisdictional facts alleged in the Notice[] of Removal" when assessing whether jurisdiction is proper. In re Methyl Tertiary Butyl Ether Prods. Liab. Litig., 488 F.3d at 124. Indeed, the Local Civil Rules of the Eastern District of New York explicitly require the notice of removal to identify the citizenship of each partner or member of a "partnership, limited liability partnership, limited liability company, or other unincorporated association." Local Civ. R. 81.1; see also Fed. R. Civ. P. 7.1(a)(2). Even if the Court were to go beyond the Notice of Removal and consider defendant's Corporate Disclosure Statement, however, that would not resolve the problem identified above.

Defendant's Corporate Disclosure Statement reads as follows:

> Selene Finance LP is a Limited Partnership. Selene Finance LP's general partner is Selene Ventures GP, LLC, and its sole Limited partner is Selene Ventures, LLC. Selene Ventures, LLC is wholly owned by Selene Holdings, LLC. Selene Holdings, LLC is wholly

9

> owned by Mortgage Solutions Holdings, LLC. Mortgage Solutions Holdings, LLC is wholly owned by Pretium Partners, LLC. No publicly held company owns any interest in Pretium Partners, LLC. Selene Finance LP is a corporation incorporated in the State of Delaware.

(ECF No. 2). Under the 2022 amendments, Rule 7.1(a)(2) of the Federal Rules of Civil Procedure requires more than just the disclosure of the identities of the various entities that comprise the defendant. Rather, the Rule now requires parties in a diversity case to file a statement "name[ing]–*and identify[ing] the citizenship of*–every individual or entity whose citizenship is attributed to that party . . . when the action is filed or removed to federal court . . . ." Fed. R. Civ. P. 7.1(a)(2) (emphasis added). The Corporate Disclosure Statement is notably deficient in this regard.

In this case, the citizenships of Selene Ventures GP, LLC, and Selene Ventures, LLC—defendant's general and limited partners—are attributed to defendant for purposes of assessing diversity. See, e.g., Donovan v. Barrero Aguero, 2022 WL 3588008, at *2. Since those partners are LLCs, Rule 7.1(a)(2) required defendant to indicate the citizenship of each member thereof. See, e.g., Bayerische Landesbank v. Aladdin Capital Mgmt. LLC, 692 F.3d at 49. Defendant's Corporate Disclosure Statement does not do so. Defendant has thus not only failed to carry its burden to set forth a basis for diversity jurisdiction in its Notice of Removal, but it has also blundered an opportunity to cure that deficiency by failing to comply with Rule 7.1(a)(2).

Accordingly, the Court finds that defendant has failed to establish complete diversity between the parties. In the absence of federal question jurisdiction, the Court finds that subject matter jurisdiction is lacking, and that there is no basis for removal under 28 U.S.C. § 1441. See Beneficial Nat. Bank v. Anderson, 539 U.S. 1, 6 (2003) (stating that "[a]s a general rule, absent diversity jurisdiction, a case will not be removable if the complaint does not affirmatively allege a federal claim").

B.	Amount in Controversy

In light of the Court's finding that defendant has not established diversity of citizenship, the Court need not reach the amount-in-controversy issue raised in the Motion to Remand. However, even if defendant had established diversity of citizenship and the Court were to reach the amount-in-controversy issue, the Court would nonetheless recommend remand. Defendant has not established that the measure of the amount in controversy alleged in the Notice of Removal—the current unpaid principal balance of the loan (Not. Removal ¶11–12)—is an appropriate measure of the amount in controversy as a matter of law.[5]

The Second Circuit has explained that the amount in controversy with respect to a claim for declaratory relief is measured "by the value of the object of the litigation." Correspondent Servs. Corp. v. First Equities Corp. of Fla., 442 F.3d 767, 769 (2d Cir. 2006) (quoting Hunt v. Washington State Apple Advert. Comm'n, 432 U.S. 333, 347 (1977)). Put otherwise, "in a declaratory judgment action, 'the amount in controversy is not necessarily the money judgment sought or recovered, but rather the value of the consequences which may result from the litigation.'" Garanti Finansal Kiralama A.S. v. Aqua Marine & Trading Inc., 697 F.3d 59, 68 (2d Cir. 2012) (citing Beacon Constr. Co. v. Matco Elec. Co., 521 F.2d 392, 397 (2d Cir. 1975)).

---

[5] Additionally, defendant has not established that the alleged current unpaid balance of the loan—$687,126.28 (Not. Removal ¶¶ 11–12)—is accurate as a matter of fact. Defendant is required to show, "by a preponderance of the evidence," that the amount in controversy exceeds the jurisdictional threshold, see 28 U.S.C. § 1446(c)(2)(A), (B), and in doing so, must rely on "allegations of fact," not "bald[] assert[ions]." Herrera v. Terner, 16 CV 4610, 2016 WL 4536871, at *1 (E.D.N.Y. Aug. 30, 2016). Here, defendant did not attempt to bolster its assertion that "[t]he current unpaid principal balance of the mortgage loan is $687,126.28 . . ." (Not. Removal ¶ 11; see also Def.'s Mem. at 5) with any additional allegations of fact, nor did defendant attach any supporting documentation to the Notice of Removal. Moreover, contrary to defendant's assertion (see Def.'s Mem. at 4), plaintiff does not concede the accuracy of the alleged amount of the unpaid principal balance of the loan. (See Pl.'s Reply (ECF No. 13) at 4 & n.2). Given that it remains defendant's obligation to *affirmatively establish* the amount in controversy by a preponderance of the evidence, defendant has not met its burden of alleging sufficient facts with respect to the amount in controversy, and removal is improper. See Lupo v. Human Affairs Intern., Inc., 28 F.3d 269, 273 (2d Cir. 1994) (holding that removal based on diversity jurisdiction is improper "if the jurisdictional amount is not clearly alleged in the plaintiff's complaint, and the defendant's notice of removal fails to allege facts adequate to establish that the amount in controversy exceeds the jurisdictional amount").

Neither party disputes the controlling standard in this Circuit, but they starkly disagree on how that standard applies to the situation at hand. Defendant argues, based entirely on out-of-circuit precedent applying laws other than those of the State of New York, that "[i]n cases challenging . . . the validity of a mortgagee's right to foreclose, the principal balance of the loan is a proper measure for determining the amount in controversy." (Def.'s Mem. at 4 (citing Haggerty v. United States Bank N.A., No. 22 CV 235, 2022 WL 17359551 (D.R.I. Dec. 1, 2022); Jepson v. Mortgage Elec. Registration Sys., Inc., No. 18 CV 12461, 2019 WL 1208804 (D. Mass. Mar. 14, 2019)). Plaintiff, for his part, argues that because he seeks only to discharge the mortgage—which is merely a security interest—and not the debt itself, the "value of the consequences which may result from the litigation" is not equal to the principal balance of the loan. (Pl.'s Mem. at 1, 5–6). To that end, plaintiff notes that, unlike here, the plaintiffs in the cases to which defendant cites all sought to invalidate a loan secured by a deed of trust, not discharge a mortgage securing a loan. (Pl.'s Reply at 6–7).

Critically, "[d]efendant offers no New York and no Second Circuit Court [o]f Appeals cases . . . to support [its] position." (Pl.'s Mem. at 7). Whether any such caselaw exists is immaterial—it was defendant's obligation to support its legal position with controlling, or at least persuasive authority. Cf. Restivo v. Hessemann, 846 F.3d 547, 592 (2d Cir. 2017) (holding that it is not "the district court's job either to do the [parties'] homework or to take heroic measures aimed at salvaging the [parties] from the predictable consequences of self-indulgent lassitude"). Thus, this Court need not determine the potential consequences of plaintiff's claim as a matter of New York law or the significance of those consequences within the Second Circuit's amount-in-controversy framework. Rather, because the Court "must construe all disputed questions of . . . controlling substantive law in favor of the plaintiff," it is enough to say

12

that defendant has not established the validity of its own legal theory, and that construing the law in favor of plaintiff necessitates remand. Marzocchi v. Selective Ins. Co. of New York, 2014 WL 2446068, at *1; see also Kokkonen v Guardian Life Ins. Co. of Am., 511 U.S. 375, 377 (1994) (holding that "[i]t is to be presumed that a cause lies outside [the Court's] limited jurisdiction" unless and until "the party asserting jurisdiction" meets its "burden of establishing the contrary" (citing Turner v. Bank of North America, 4 U.S. 8, 11 (1799); McNutt v. General Motors Acceptance Corp., 298 U.S. 178, 182–183 (1936))).

## CONCLUSION

In light of the foregoing, the Court respectfully recommends that plaintiff's Motion to Remand be GRANTED and that the case be remanded to the Supreme Court of the State of New York, Kings County.

Any objections to this Report and Recommendation must be filed with the Clerk of the Court, with a copy to the undersigned, within fourteen (14) days of receipt of this Report. See 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(2); see also Fed. R. Civ. P. 6(a) (providing the method for computing time). Failure to file objections within the specified time waives the right to appeal the District Court's order. See, e.g., Caidor v. Onondaga Cty., 517 F.3d 601, 604 (2d Cir. 2008).

**SO ORDERED.**

Dated: Brooklyn, New York
December 5, 2023

*Cheryl L. Pollak*
Cheryl L. Pollak
United States Magistrate Judge
Eastern District of New York